**Ana Veronica GONZALEZ–ULLOA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–74359.**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 23, 2009.

Theodore Mahr, Ted Mahr Law Office, Moses Lake, WA, for Petitioner.

David V. Bernal, Assistant Director, Margaret Anne O'Donnell, OIL, Aviva Poczter, Senior Litigation Counsel, Russell John Verby, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Ana Veronica Gonzalez–Ulloa, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's decision ("IJ") denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Ramos–Lopez v. Holder,* 563 F.3d 855, 858 (9th Cir. 2009), and deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding of no past persecution because Gonzalez–Ulloa testified that she was not harmed in El Salvador, and the threats she received did not rise to the level of persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000). Substantial evidence also supports the agency's finding that Gonzalez–Ulloa failed to show she was or would be persecuted on account of a protected ground. *See Ramos–Lopez,* 563 F.3d at 860–62. Accordingly, Gonzalez–Ulloa's asylum claim fails.

Because Gonzalez–Ulloa failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir. 2004).

Substantial evidence also supports the agency's denial of CAT relief because Gonzalez–Ulloa has not established it is more likely than not that she will be tortured if she returns to El Salvador. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Lastly, we lack jurisdiction to review Gonzalez–Ulloa's challenge to the IJ's denial of voluntary departure. *See* 8 U.S.C. § 1229c(f)(this court lacks jurisdiction over an appeal from the denial of a request for voluntary departure); *see also Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir. 2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**